UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

STEVE PUGH,                              )
                                         )
        Petitioner,                      )
                                         )
v.                                       )        No.    2:14-CV-179-JRG-MCLC
                                         )
GERALD MCALLISTER,                       )
                                         )
        Respondent.                      )

## MEMORANDUM OPINION

In 2011, Steve Pugh ("Petitioner") entered a best interest guilty plea[1] on two counts of attempted first degree murder and received an effective seventeen-year sentence of incarceration. Petitioner now brings this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. 2] challenging the legality of his confinement under that state court judgment. Warden Gerald McAllister ("Respondent") filed a response to the petition, arguing that relief is unwarranted with respect to Petitioner's claims based on procedural default and, in support of his argument, he has filed copies of the state court record [Doc. 11 and 12]. Petitioner filed a reply to Respondent's response stating that any procedural default should be excused [Doc. 15].

For the reasons set forth below, however, the Court determines that no evidentiary hearing is warranted in this case, Petitioner's § 2254 petition [Doc. 2] will be **DENIED**, and this action will be **DISMISSED.**

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (permitting guilty pleas without an admission of guilt where a criminal accused concludes that his best interests would be furthered by pleading guilty).

## I.    PROCEDURAL HISTORY

Petitioner is currently serving two concurrent seventeen-year sentences after he entered a best interest guilty plea to two counts of attempted first degree murder on March 11, 2011. *Pugh v. State*, No. E2012-02649-CCA-R3PC, 2013 WL 4806964, at *1 (Tenn. Crim. App. Sept. 9, 2013), *app. denied* (Tenn. Jan. 14, 2014). The convictions were based upon the act of shooting his pregnant girlfriend in the stomach. *Id*. Petitioner did not file a direct appeal of the judgment [Doc. 2 at 2]. However, Petitioner did file a timely pro se petition for post-conviction relief. *Pugh*, 2013 WL 4806964, at *1. Following the appointment of counsel, an amended petition was filed. *Id*. A hearing on the matter was held and the post-conviction court denied relief on November 29, 2012. *Id*. On September 9, 2013, the Tennessee Court of Criminal Appeals ("TCCA") affirmed the trial court's judgment. *Id*. The Tennessee Supreme Court denied permission to appeal on January 14, 2014. *Id*. There followed this timely § 2254 habeas corpus application alleging he was denied his right to effective assistance of counsel.

## II.    DISCUSSION

In his petition, Petitioner asserts that he received ineffective assistance of counsel due to trial counsel's failure to interview Tonya Mallicote, an alleged alibi witness, and failure to interview the victim, Mary Smith, to ascertain possible impeachment [Doc. 2 at 5, 10]. Respondent argues, in her answer, that Petitioner's claims are barred by Petitioner's state procedural defaults [Doc. 11]. Respondent asserts that Petitioner's claims of ineffective assistance, which he raises on federal habeas review, have not been fairly or adequately presented in the state courts in satisfaction of § 2254(b)'s exhaustion requirement" [*Id*.]. Furthermore, Respondent asserts that "those claims are now barred from presentation to the state courts by the statute of limitations under Tenn. Code. Ann. § 40-30-102(a) and the 'one petition' limitation of § 40-30-102(c)" [*Id*.].

A federal district court will not entertain a petition for writ of habeas corpus unless the Petitioner has first exhausted all available state court remedies for each claim in his petition. 28 U.S.C. § 2254(b)(1). While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine that promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Consequently, as a condition precedent to seeking federal habeas corpus relief, a petitioner is required to fairly present his claims to every available level of the state court system. *Rose v. Lundy*, 455 U.S. 509, 518-20 (1982); *Lyons v. Stovall*, 188 F.3d 327, 331 (6th Cir. 1999). The petitioner must offer the state courts both the factual and legal bases for his claims. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). In other words, the Petitioner must present "the same claim under the same theory" to the state courts. *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987). It is not enough that all the facts necessary to support a federal claim were before the court or that the Petitioner made a somewhat similar state law claim. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). Once Petitioner's federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. *Manning v. Alexander*, 912 F.2d 878, 883 (6th Cir. 1990).[2]

Here, Petitioner claims that his trial counsel was ineffective for failing to interview potential witnesses [Doc. 2]. These claims of ineffective assistance of counsel were addressed by the post-conviction trial court, but never raised in the state appellate court for review, and the

---

[2] In Tennessee, a Petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; *see also Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003) (Rule 39 clearly removed Tennessee Supreme Court review as an antecedent for habeas purposes). *Shipp v. Holloway*, No. 1:15-CV-0012, 2017 WL 2376774, at *2 (M.D. Tenn. June 1, 2017).

TCCA did not consider these issues *sua sponte*. Therefore, Petitioner did not fairly present this claim to every available level of the state court.

At this late date, the Petitioner is no longer able to raise this issue as a federal claim in state court. *See* Tenn. Code Ann. § 40-30-102(a) (post-conviction petition must be filed "within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment became final") and (c) ("This part contemplates the filing of only one petition for post-conviction relief"). Therefore, by way of procedural default, the Petitioner has technically met the exhaustion requirement with respect to this claim because there are no state court remedies currently available to him for it. *Shipp v. Holloway*, No. 1:15-CV-0012, 2017 WL 2376774, at \*3 (M.D. Tenn. June 1, 2017) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (the requirement of exhaustion is satisfied if it is clear that petitioner's claims are now procedurally barred under state law)).

The exhaustion of a claim via procedural default does not, however, automatically entitle a habeas petitioner to federal review of that claim. To prevent a federal habeas petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a Petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Shipp*, 2017 WL 2376774, at \*3.

In his reply, Petitioner cites to *Martinez v. Ryan*, 566 U.S. 1, 9 (2012) arguing that his claims should be excused from procedural default because his post-conviction counsel was ineffective for failing to raise these claims. *Martinez* effected a change in decisional law in that it created a "narrow exception" to the general rule of *Coleman v. Thompson*, 501 U.S. 722 (1991).

The general rule from *Coleman* states that a habeas petitioner cannot use ineffective assistance of collateral review counsel as cause to excuse a procedural default. *Id.* at 756-57. The *Martinez* exception, however, provides that where a state's procedural law requires claims of ineffective assistance of counsel to be raised in an initial-review collateral proceeding, a procedural default will not bar a habeas court from hearing a substantial claim on ineffective assistance of counsel, if in the initial-review collateral proceeding, counsel in that proceeding was ineffective. *Martinez*, 132 S.Ct. at 1320. A year later, the Supreme Court expanded the *Martinez* exception to cases where a "state['s] procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of counsel on direct appeal . . ." *Trevino v. Thaler*, 133 S. Ct. 1911 at 1921 (2013). The Sixth Circuit subsequently ruled this exception applicable to Tennessee. *See Sutton v. Carpenter*, 745 F.3d 787, 795-96 (6th Cir. 2014)).

Under *Martinez* a petitioner may establish cause to excuse a procedural default of an ineffective assistance of trial counsel claim by showing that he received ineffective assistance by post-conviction counsel. *See Martinez*, 132 S. Ct. at 1320. This holding does not dispense with the "actual prejudice" requirement of *Coleman*; as such, a petitioner must show that his post-conviction counsel was ineffective under *Strickland*. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). That is, "the petitioner must show both that his post-conviction counsel's performance was constitutionally deficient and that the petitioner was prejudiced by the deficiency." *Thorne v. Hollway*, No. 3:14-CV-0695, 2014 WL 4411680, at *22 (M.D. Tenn. Sept. 8, 2014) (quoting *Clabourne v. Ryan*, 745 F.3d 362, 376 (9th Cir. 2014).

In addition, relief under *Martinez* requires a showing of a substantial underlying claim of ineffective assistance of trial counsel. *See Trevino*, 133 S. Ct. at 1918; *Martinez*, 132 S. Ct. at

1318-19. This showing, as with the showing for post-conviction counsel, must meet the requirements of *Strickland*. *See id*. Under *Strickland*, a petitioner can prove prejudice by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The "actual prejudice" requirement of *Coleman* and the prejudice requirement of *Strickland* overlap such that "in many habeas cases seeking to overcome procedural default under *Martinez*, it will be more efficient for the reviewing court to consider in the first instance whether the alleged underlying ineffective assistance of counsel was 'substantial' enough to satisfy the 'actual prejudice' prong of *Coleman*." *Hollway*, 2014 WL 4411680, at *23.

Petitioner asserts that his trial counsel was ineffective for failing to investigate Tonya Mallicote as a possible alibi witness, and for failing to talk to the victim to ascertain potential impeachment of the witness [Doc. 15 at 6]. Petitioner agrees that these claims were not properly presented in the post-conviction hearing, but argues that he is entitled to relief under *Martinez* because his post-conviction counsel was ineffective for failing to rise these claims on appeal [*Id*.]. As stated, to find relief under *Martinez*, a showing of a substantial underlying claim of ineffective assistance of trial counsel is needed. Based on the requirements of *Strickland*, this Court finds that Petitioner's claims fail to demonstrate that the result of the proceedings would have been different but for counsel's alleged error. Because Petitioner's underlying ineffective assistance of trial counsel claim is without merit, he is unable to excuse a finding of procedural default through *Martinez*.

At the post-conviction hearing, trial counsel testified that he and Petitioner discussed possible defenses and that an investigation was conducted. *Pugh*, 2013 WL 4806964, at *2. As part of the investigation, trial counsel confirmed that the lead investigator on the case attempted to

contract Ms. Mallicote as an alibi witness, but was unable to get an interview with her at that time and her voice mail had not been set up [Doc. 12, Addendum 1: *Transcript of Post-Conviction Proceeding*]. As the investigation continued, Petitioner "felt that trial counsel was not prepared to go to trial" and told trial counsel that he was considering entering a plea. *Pugh*, 2013 WL 4806964, at \*2. Trial counsel testified that, at that time, he approached the State and began negotiations. *Id*. Trial counsel was clear that the investigation continued up until the plea was accepted. *Id*.

The TCCA found that Petitioner was clearly aware of the charges to which he pled guilty and chose to enter that plea, by his own testimony, because it was in his own best interest to do so. *Pugh*, 2013 WL 4806964, at \*5. Clearly, trial counsel's investigation was cut short by Petitioner's desire to plead. By choosing to plead prior to the conclusion of the investigation of this case, Petitioner is unable to prove that trial counsel would not have attempted to contact Ms. Mallicote a second time or that Ms. Mallicote would not have been produced as a witness during trial. Nor is Petitioner able to argue with any degree of certainty that trial counsel would not have interviewed the victim prior to the trial on this case. Thus, Petitioner has failed to carry his burden, as is required by *Strickland*, of establishing that trial counsel offered defective representation or that he was prejudiced, and therefore, failed to establish his entitlement to relief of this habeas corpus petition.

III.     CONCLUSION

The petition for habeas corpus relief will be **DENIED** and this action will be **DISMISSED WITH PREJUDICE.**

IV.     CERTIFICATE OF APPEALABILITY

The Court must consider whether to issue a Certificate of Appealability ("COA"), should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a

final order in a habeas proceeding only if he is issued a COA, and a COA may only be issued where a Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where the court dismissed a claim on the merits, but reasonable jurists could conclude the issues raised are adequate to deserve further review, the petitioner has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 327, 336 (2003); *Slack*, 529 U.S. at 484.

After reviewing Petitioner's claim, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, a COA **SHALL NOT ISSUE**.

**AN APPROPRIATE ORDER WILL ENTER.**

**ENTER:**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE